**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

ADVANCED PLUS LLC, ADVANCED PLUS DEAL 1 LLC, ADVANCED PLUS DEAL 2 LLC, and PACTOLUS INCOME OPPORTUNITIES LLC,

*Plaintiffs*,

v.

LANDON JORDAN, NATIONAL INDIVIDUAL INSURANCE AGENCY, LLC, BLACKHAWK CLAIMS SERVICE, INC., STRATEGIC LIMITED PARTNERS LP, RFA GROUP, INC., THE HEALTH SHARE GROUP INC., ASSOCIATION HEALTH CARE MANAGEMENT, INC., CRIMSON HOLDING GROUP, INC., RIDGE ADMINISTRATIVE SERVICES, INC., CHRISTOPHER JAMES PAGNANELLI, ROY FRANKLIN ANDING, JR., RAMI HASSAN, MARK KECK, DAVID KEELER, and HAROLD L. BROCK, Jr.,

*Defendants*.

Case No. 24-cv-08881

**EMERGENCY AFFIRMATION OF GABRIEL BERG**

I, Gabriel Berg, an attorney duly admitted to practice before this Court, affirm the following under penalty of perjury:

1. I submit this Emergency Affirmation to: (a) identify exhibits filed in support of Plaintiffs' Motion for a Preliminary Injunction to Freeze Certain Assets and Prohibit Certain Defendants from Preventing an Accounting Pursuant to Fed. R. Civ. P. 65; and (b) describe the urgency and irreparable harm supporting Plaintiffs' motion.

## I. Exhibits

2. Attached as Exhibit 1 to this affirmation is a true and correct copy of *Insurety Capital, LLC v. American Workers Insurance Services, Inc.*, No. 2019-53545 (Tex. Dist. Ct. Aug. 7, 2019).

3. Attached as Exhibit 2 to this affirmation is a true and correct copy of *Insurety Capital, LLC v. American Workers Insurance Services, Inc.*, No. 2019-53545 (Tex. Dist. Ct. Aug. 29, 2019).

4. Attached as Exhibit 3 to this affirmation is a true and correct copy of Plaintiff's complaint in *Titan Coverage Protection, LLC v. Jordan et al.*, Case No. 2022-44561 (Tex. Dist. Ct. July 25, 2022).

## II. Urgency and Irreparable Harm

5. Plaintiffs' application for immediate relief arises from an imminent risk of irreparable harm. Jordan and his Entities have orchestrated a sophisticated fraudulent scheme—a replica of their prior misconduct in the Texas and Florida pump-and-dump cases—to misappropriate Plaintiffs' funds and dissipate them to frustrate recovery.

Unless this Court intervenes, the financial trail of the misappropriated funds will go cold, and Plaintiffs will face insurmountable barriers to recouping their losses.

6. As detailed in Plaintiffs' Motion, Jordan and his Entities have engaged in a calculated strategy of deception, siphoning off millions of dollars entrusted to them for legitimate business operations. Mot at 3-5; Complaint at ¶61-114. Plaintiffs have identified significant financial irregularities, including commingling of funds, falsified records, and phantom advances lacking contractual support. Chandik Affidavit at ¶10-27. These actions have left a tangled web of unreconcilable financial data and obstructed Plaintiffs' efforts to trace their funds. *Id.*

7. The parallels between the present case and the Texas and Florida cases are alarming. In Texas, Jordan's Entities were held in contempt for flouting court orders, withholding critical financial records, and concealing assets. *See* Plaintiffs' Motion at 3-5. Similarly, in Florida, the court exposed Jordan's use of shell entities to evade accountability and facilitate fraud. *Id.* Jordan and his Entities' current actions, including their refusal to provide an independent accounting and persistent obfuscation, follow the same pattern.

8. Despite Plaintiffs' repeated demands for transparency and compliance, Jordan and his Entities have obstructed access to critical financial information. Chandik Affidavit at ¶8-24. Jordan and his Entities' refusal to cooperate, combined with admissions by their own employees that the books and records are irreconcilable, underscores the urgency for immediate judicial intervention. *Id.*

9. Jordan and his Entities' conduct demonstrates a calculated effort to frustrate Plaintiffs' claims by dissipating assets. *See generally* Plaintiffs' Motion; Chandik Affidavit at ¶24. Immediate Court intervention is therefore necessary to prevent Jordan and his Entities from evading their obligations and absconding with Plaintiffs' funds.

10. Plaintiffs provided notice of this motion to Defendants' counsel prior to its filing.

11. No prior application for this relief has been made. The urgent circumstances of this case require immediate judicial action to protect Plaintiffs' rights and prevent further irreparable harm.

Dated: New York, New York

January 16, 2025

**ROBINS KAPLAN LLP**

By: s/*Gabriel Berg*

Gabriel Berg
GBerg@RobinsKaplan.com
1325 Avenue of the Americas, Suite 2601
New York, New York 10019
Telephone: 212.980.7400

*Attorney for Plaintiff Pactolus Income Opportunities LLC*